UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SPORT DIMENSION, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DRIP FLOATS LLC, a Utah limited liability company; and NICCOLI DESIGNS, LLC d/b/a Kortni Jeane, a Utah limited liability company,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE EX PARTE MOTION FOR ALTERNATIVE SERVICE (DOC. NO. 22)**<br><br>Case No. 2:24-cv-00912<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

Sport Dimension, Inc. filed this patent infringement action against Drip Floats, LLC and Niccoli Designs, LLC d/b/a Kortni Jeane.[1] Sport Dimension has filed a motion for leave to serve the complaint on Defendants by email.[2] Because Sport Dimension fails to show service by email is reasonably calculated to apprise Defendants of this action, the motion is denied without prejudice.

## LEGAL STANDARDS

Rule 4(h) of the Federal Rules of Civil Procedure provides that service on a corporation, partnership, or other unincorporated entity may be completed "in the manner prescribed by Rule 4(e)(1) for serving an individual," or "by delivering a copy of

---

[1] (*See* Compl., Doc. No. 1.)

[2] (Ex Parte Mot. for Alt. Serv. (Mot.), Doc. No. 22.)

the summons and of the complaint to an officer, [or] a managing or general agent."[3] And Rule 4(e)(1) provides that service on an individual may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[4] Utah law applies, where Sport Dimension filed this action in the District of Utah and attempted service in Utah.

Under the Utah Rules of Civil Procedure, an entity may be served "by delivering a copy of the summons and complaint to an officer, [or] a managing or general agent."[5] But "[i]f the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence . . . or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means."[6] The motion must include "[a]n affidavit or declaration supporting the motion [setting] forth the efforts made to identify, locate, and serve the party."[7] The proposed method of service must be "reasonably calculated, under all the circumstances, to apprise the named parties of the action."[8]

---

[3] Fed. R. Civ. P. 4(h)(1)(A)–(B).

[4] Fed. R. Civ. P. 4(e)(1).

[5] Utah R. Civ. P. 4(d)(1)(E).

[6] Utah R. Civ. P. 4(d)(5)(A).

[7] *Id.*

[8] Utah R. Civ. P. 4(d)(5)(B).

## ANALYSIS

Sport Dimension first attempted to serve Defendants at the address listed for their registered agents on the Utah Department of Commerce's Business Registration System.[9] The process server indicated a person at the address told him the agent "is rarely in office."[10] The server attempted service again the following day "and was met with locked doors and no response."[11] Next, Sport Dimension attempted to serve Defendants at Niccoli Designs' service of process address, as listed on the Utah Department of Commerce's Business Registration System.[12] The server indicated the address appears to be a residence, but no one answered the door despite three attempts across two days.[13] The server also left cards for the residents to contact him.[14] Sport Dimension then attempted service at the physical address listed on Defendants' websites, but "[t]he process server was informed by an employee that the business owner was 'not in' and that the employee 'does not know who [the registered

---

[9] (Mot. 2, Doc. No. 22.)  Defendants have the same registered agent.  (*See id.* at 2.)

[10] (*Id.* at 3.)

[11] (*Id.*)

[12] (*Id.*)  Drip Floats' service of process address is the same address listed for its registered agent—where Sport Dimension already attempted service.  (*See id.*)  Because Defendants have the same registered agent, Sport Dimension attempted to serve both Defendants at Niccoli Designs' service of process address.  (*See id.*)

[13] (*Id.*)

[14] (*Id.*)

3

agent] is.'"[15]  Finally, Sport Dimension "asked Defendants' counsel to accept service, but was told that Defendants had instructed him to not accept service."[16]  Under these circumstances, Sport Dimension has exercised reasonable diligence in attempting to locate and serve Defendants.

However, Sport Dimension fails to show service by email is reasonably calculated to apprise Defendants of this action.  "Sport Dimension requests that the Court order service of the complaint and summons through Defendants' email address, hello@kortnijeane.com, which is where Sport Dimension sent a cease-and-desist letter to Defendants on October 14, 2024."[17]  But Sport Dimension does not explain where it obtained this email address or how service to the email would notify both Defendants of this action.  Nor has Sport Dimension shown the email address is current or valid (for example, by communicating with anyone at the email address—Sport Dimension does not explain whether it received a response to the cease-and-desist letter).

## CONCLUSION

Because Sport Dimension fails to show service by email is reasonably calculated to apprise Defendants of this action, Sport Dimension's motion for alternative service[18]

---

[15] (*See id.*)

[16] (*Id.*)

[17] (*Id.*)

[18] (Doc. No. 22.)

is denied without prejudice.  The deadline to serve Defendants is extended to June 10, 2025.

DATED this 20th day of May, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge