UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SPORT DIMENSION, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>DRIP FLOATS LLC, a Utah limited liability company; and NICCOLI DESIGNS, LLC d/b/a Kortni Jeane, a Utah limited liability company,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING RENEWED EX PARTE MOTION FOR ALTERNATIVE SERVICE**<br>**(DOC. NO. 25)**<br><br>Case No. 2:24-cv-00912<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

Sport Dimension, Inc. filed this patent infringement action against Drip Floats, LLC and Niccoli Designs, LLC d/b/a Kortni Jeane.[1] Sport Dimension previously filed a motion for leave to serve the complaint on Defendants by email,[2] which the court denied because Sport Dimension failed to show email service was reasonably calculated to apprise Defendants of this action.[3] Sport Dimension has now filed a renewed motion for alternative service, seeking leave to serve the complaint by email and certified mail.[4]

---

[1] (*See* Compl., Doc. No. 1.)

[2] (Ex Parte Mot. for Alt. Serv. (Initial Mot.), Doc. No. 22.)

[3] (*See* Mem. Decision and Order Den. Without Prejudice Ex Parte Mot. For Alt. Serv. 4–5, Doc. No. 23.)

[4] (Renewed Ex Parte Mot. for Alt. Serv. (Renewed Mot.), Doc. No. 25.)

Because Sport Dimension's renewed motion remedies the deficiencies in its earlier motion, the renewed motion is granted.

## LEGAL STANDARDS

Rule 4(h) of the Federal Rules of Civil Procedure provides that service on a corporation, partnership, or other unincorporated entity may be completed "in the manner prescribed by Rule 4(e)(1) for serving an individual," or "by delivering a copy of the summons and of the complaint to an officer, [or] a managing or general agent."[5] And Rule 4(e)(1) provides that service on an individual may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[6] Utah law applies, where Sport Dimension filed this action in the District of Utah and attempted service in Utah.

Under the Utah Rules of Civil Procedure, an entity may be served "by delivering a copy of the summons and complaint to an officer, [or] a managing or general agent."[7] But "[i]f the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence . . . or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion

---

[5] Fed. R. Civ. P. 4(h)(1)(A)–(B).

[6] Fed. R. Civ. P. 4(e)(1).

[7] Utah R. Civ. P. 4(d)(1)(E).

to allow service by some other means."[8]  The motion must include "[a]n affidavit or declaration supporting the motion [setting] forth the efforts made to identify, locate, and serve the party."[9]  The proposed method of service must be "reasonably calculated, under all the circumstances, to apprise the named parties of the action."[10]

## ANALYSIS

Sport Dimension has exercised reasonable diligence in attempting to serve Defendants.  Sport Dimension first tried to serve Defendants at the address listed for their registered agents on the Utah Department of Commerce's Business Registration System.[11]  The process server indicated a person at the address told him the agent "is rarely in office."[12]  The server attempted service again the following day "and was met with locked doors and no response."[13]  Next, Sport Dimension tried to serve Defendants at the service-of-process address listed for Niccoli Designs on the Utah Department of Commerce's Business Registration System.[14]  The server indicated the address

---

[8] Utah R. Civ. P. 4(d)(5)(A).

[9] *Id.*

[10] Utah R. Civ. P. 4(d)(5)(B).

[11] (Initial Mot. 2, Doc. No. 22.)  Defendants have the same registered agent.  (*See id.*)

[12] (*Id.* at 3.)

[13] (*Id.*)

[14] (*Id.*)  Drip Floats' service-of-process address is the same address listed for its registered agent—where Sport Dimension already attempted service.  (*See id.*)  Because Defendants have the same registered agent, Sport Dimension tried to serve both defendants at Niccoli Designs' service-of-process address.  (*See id.*)

appears to be a residence, but no one answered the door despite three attempts across two days.[15] The server also left cards for the residents to contact him.[16] Sport Dimension then attempted service at the physical address listed on Defendants' websites, but "[t]he process server was informed by an employee that the business owner was 'not in' and that the employee 'does not know who [the registered agent] is.'"[17] Finally, Sport Dimension "asked Defendants' counsel to accept service, but was told that Defendants had instructed him to not accept service."[18] Under these circumstances, Sport Dimension has exercised reasonable diligence in attempting to locate and serve Defendants.

Additionally, Sport Dimension's proposed method of service is reasonably calculated to apprise Defendants of this action. Sport Dimension seeks leave to serve Defendants by certified mail to Defendants' mailing address, email to Defendants, and email to Defendants' counsel.[19] Sport Dimension states it "sent a letter to Defendants at their mailing address and received confirmation of receipt by both Drip Floats and Niccoli Designs from Defendants' counsel."[20] The mailing address is also listed on

---

[15] (*Id.*)

[16] (*Id.*)

[17] (*See id.*)

[18] (*Id.*)

[19] (Renewed Mot. 2, Doc. No. 25.)

[20] (*Id.*)

Defendants' websites.[21]  As for the email addresses, Sport Dimension submitted screenshots showing it "sent emails to Defendants' email addresses and received confirmation of receipt from Defendants' counsel."[22]  The email addresses are also listed on Defendants' websites.[23]  Under these circumstances, service by email and certified mail is reasonably calculated to apprise Defendants of this action.[24]

## CONCLUSION

Because Sport Dimension diligently tried to locate and serve Defendants, and the proposed methods of service are reasonably calculated to apprise Defendants of this action, Sport Dimension's renewed motion for alternative service[25] is granted.  Sport Dimension may serve Defendants by doing each of the following:

1. Sport Dimension must send by certified mail a summons, the complaint, and a copy of this order to the Provo, Utah address provided in the motion.[26]  If the recipient or post office provides a forwarding address, Sport Dimension must

---

[21] (*See id.*)

[22] (*Id.* at 3; *see also* Ex. 1 to Renewed Mot., Doc. No. 25-2.)  Sport Dimension's counsel submitted a declaration attesting to the authenticity of the email screenshots.  (*See* Decl. of Sarah S. Brooks in Supp. of Renewed Ex Parte Mot. For Alt. Serv., Doc. No. 25-1.)

[23] (*See* Renewed Mot. 3, Doc. No. 25.)

[24] *See, e.g.*, *Inception Mining v. Mother Lode Mining*, No. 2:24-cv-00171, 2024 U.S. Dist. LEXIS 202524, at *5 (D. Utah Nov. 6, 2024) (unpublished) (finding email service reasonably calculated where the plaintiff communicated with the defendant using the email address).

[25] (Doc. No. 25.)

[26] (*See* Renewed Mot. 2, Doc. No. 25.)

attempt to physically serve that address as generally required under the Utah Rules of Civil Procedure. If physical service fails, Sport Dimension must send the documents by certified mail to the forwarding address.

2. Sport Dimension must email the same documents to both defendants and their counsel at the email addresses provided in the motion,[27] three times per week for two consecutive weeks, not more often than once every other day (unless a reply is received accepting service on behalf of both defendants).

Service shall be deemed complete upon completion of these steps. Sport Dimension shall file proof of compliance with this order, and the deadline to serve Defendants is extended to June 30, 2025.

DATED this 9th day of June, 2025.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[27] (*See id.*)